IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. MONICA L. MADDEN, a/k/a SHANA VALESHIA GOODWIN, a/k/a MONICA WRIGHT

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-2030      Seth Norman, Judge**

───────────

**No. M1999-00176-CCA-R3-CD - Decided May 5, 2000**

───────────

Pursuant to a plea bargain agreement, the defendant pled guilty in Davidson County Criminal Court to two counts of assault and one count of accessory after the fact. She received an effective sentence of two years. The defendant appeals the trial court's order that her sentence be served in the workhouse rather than in some alternative form, asserting that the trial court erred in considering her arrests while on bond as indications of her unsuitability for alternative sentencing; in making its determination based solely on her arrests while on bond; and in failing to consider her participation in a counseling program. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

GLENN, J., delivered the opinion of the court, in which RILEY, J., and WITT, J., joined.

Cynthia M. Fort (on appeal) and Glenn R. Funk (at trial), Nashville, Tennessee, for the appellant, Monica L. Madden.

Paul G. Summers, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, Victor S. (Torry) Johnson, III, District Attorney General, and Pamela S. Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Monica L. Madden,[1] was indicted on September 4, 1998, in a five-count indictment including two counts of aggravated assault, two counts of assault, and one count of accessory after the fact. Pursuant to a plea bargain agreement with the State, she pled guilty to two

─────────

[1]It is the policy of this court to use the name of the parties as they appear in the initial pleading filed in the cause. Although defendant signed the petition to enter plea of guilty, "Monicia L. Madden," we use the spelling in the indictment, "Monica L. Madden." Both of these names refer to the defendant in this case.

counts of assault, Class A misdemeanors, and one count of accessory after the fact, a Class E felony. Sentences recommended by the State and agreed to by the defendant were two years at thirty percent on the felony charge and eleven months and twenty-nine days for each of the misdemeanor charges, to be served concurrently. The two counts of aggravated assault were dismissed.

At the sentencing hearing, the trial court sentenced the defendant to two years as a standard Range I offender on the accessory charge and eleven months and twenty-nine days on each assault charge, to be served concurrently. In this appeal as of right, defendant asserts that the trial court erred in sentencing her to incarceration in the workhouse rather than some form of alternative sentencing. After a review of the record before this court, we affirm the judgment of the trial court.

## BACKGROUND

The first two counts of the indictment in this case arose out of an incident at Captain D's Restaurant in Nashville on December 29, 1997. The victim, Bobby Diwan, was a patron at the restaurant with his family and was beaten by two white males in the company of the defendant, a nineteen-year-old at the time, who drove the getaway car. The remaining three counts of the indictment arose out of an earlier incident on October 5, 1996, at The Place bar in Nashville. One of the victims, Ave Marie Harper, testified at the sentencing hearing that the defendant yelled across the room, "Did you call me a bitch?" Harper testified that she said, "No, I don't even know you." At that point, the defendant and two of her female companions came across the room; the defendant hit Harper; and a fight erupted that ended only when the young women were pulled apart. Harper sustained injuries, as did two other women, Claudia Wilson and Nora Morgan, who were with Harper.

At the sentencing hearing, the State argued for a period of incarceration based on the defendant's previous criminal history, including arrests while on bond, and "for a message to be sent, that you can't continually go out there and hurt and injure other persons." The trial court noted:

> I'm looking at this individual's record and she has a conviction for assault in July of 1996, she has a conviction for criminal impersonation in July of 1996. She has an arrest for disorderly conduct and some type of weapons charge after she was charged in this case. I'm not going to have people going around this town fighting in bars and everything else. I sentence her to the workhouse for a period of two years as a range one standard offender at thirty percent. Take her into custody. Sentence to serve. Take her into custody. Two years to serve.
>
> MR. FUNK: Did I understand Your Honor's ruling? I don't know that Your Honor is correct as far as the reputation of her record after this arrest. There was a weapons charge that was dismissed and I think that . . .

> THE COURT: She's been arrested. You're not to be arrested when
> you're on bond, Mr. Funk. Two years to serve.

The defendant argues that it is clear from the transcript that the trial judge imposed the sentence to serve because the defendant had been arrested while on bond, a factor the defendant argues was improperly applied, and that the trial judge also failed to consider defendant's rehabilitative treatment at the Luton Community Mental Health Center.

## ANALYSIS

This court's review of the sentence imposed by the trial court is controlled by Tennessee Code Annotated § 40-35-401(d), which states the following:

> When reviewing sentencing issues raised pursuant to subsection (a),
> including the granting or denial of probation and the length of
> sentence, the appellate court shall conduct a de novo review on the
> record of such issues. Such review shall be conducted with a
> presumption that the determinations made by the court from which
> the appeal is taken are correct.

Id. (1997). This presumption is conditioned on an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of proof lies with the complaining party. See State v. Gray, 960 S.W.2d 598, 610 (Tenn. Crim. App.), perm. app. denied (Tenn. 1997); Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. A defendant who does not fall within the priority category for incarceration as set out in § 40-35-102(5)[2] and who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). The trial court must presume that a defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony and who is not an offender for whom incarceration is a priority, as detailed in § 40-35-102(5), is a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6) (1997). The presumption may be overcome by a showing that:

    (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

    (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly

---

[2]According to this section, "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration[.]"

suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)    Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).

The presentence report did not include a juvenile record for the defendant. The record does show: (1) a conviction on February 13, 1996, for unauthorized use of automobiles and other vehicles for which defendant received a suspended sentence of eleven months and twenty-nine days; (2) a conviction on July 19, 1996, for criminal impersonation for which defendant received a sentence of thirty days; (3) a conviction also on July 19, 1996, for assault for which defendant received a probated sentence of eleven months and twenty-nine days; (4) a conviction on January 21, 1999, for disorderly conduct for which the defendant received a suspended sentence of thirty days. In addition, the defendant's record lists some twelve arrests between 1995 and 1998, including the weapons arrest in October 1998 referred to by the trial court and the defendant, which was retired in January 1999. At the sentencing hearing, the State noted, and the defendant did not object, that the defendant was out on bond as a result of her arrest for the assault at The Place bar when she was involved in the incident at Captain D's Restaurant, which resulted in her arrest as an accessory after the fact. While on bond as a result of that arrest, she was arrested for disorderly conduct, listed above as prior conviction number (4).

There is nothing in the record to support defendant's contention that the only reason the trial judge sentenced her to confinement was that she had been arrested while on bond. The record indicates that the trial judge considered the defendant's entire history of criminal conduct and the need to restrain the defendant from the sorts of assaults and disorderly conduct that threaten other citizens. The trial court was apparently persuaded by the defendant's criminal history and the fact that being on bond as a result of one criminal charge did not seem to inhibit the defendant from continuing to break the law. Although the defendant argues that her arrest on a weapons charge was dropped and should therefore not have been considered, her arrest for disorderly conduct on October 2, 1998, resulted in a conviction.

As to the defendant's argument that the trial court failed to address evidence of her treatment at Luton Community Mental Health Center, we note that the letter, allegedly written by one Thomas F. Summner, Licensed Alcohol and Drug Counselor, on March 9, 1999, was entered into the record as evidence at the sentencing hearing and that defense counsel specifically noted the defendant's participation in counseling.

We conclude that the trial court acted within its discretionary powers based on valid considerations when it sentenced the defendant to confinement.

## CONCLUSION

-4-

Having reviewed the record before this court, we find substantial evidence to rebut the defendant's statutory presumption to an alternative sentence and conclude that the trial court did not err in ordering the defendant to serve her sentences in confinement. Therefore, the judgment of the trial court is affirmed.